IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN R. HOLLOMAN and SHANIDA YOUNG,** on Behalf of Themselves and on Behalf of Others Similarly Situated**,** § § § § § | CA No. _____ | |
| Plaintiff, § § § § § § | JURY DEMANDED | |
| v. | | |
| **G4S SECURE SOLUTIONS USA, INC.** Defendant. | | |

## **PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

### 1. **SUMMARY**

1.1. Defendant, G4S SECURE SOLUTIONS ("Defendant"), failed to pay Plaintiffs and others similarly situated for all hours worked by failing to pay overtime wages when they worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

1.2 Plaintiffs Kevin R. Holloman and Shanida Young, and the similarly situated individuals they seek to represent, are current and former employees who work/worked for Defendant and held the job title of Bank Protection Officer, Upscale Security Officer, or workers known under another distinct title but whose primary duties were to provide security services to Defendant's clients/customers (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiffs, but also to all Class Members. Therefore, Plaintiffs bring this suit on behalf of themselves and other similarly situated Class Members.

1.4　　Defendant had a policy and practice of failing to pay Plaintiffs, and others similarly situated, one and one-half times their regular rate of pay for hours worked over forty (40) hours per work week.

1.5　　Defendant's conduct violates the FLSA because non-exempt employees, such as Plaintiffs and the Class Members should be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek. *See* 29 U.S.C. §207(a). Plaintiffs and Class Members worked over forty (40) hours per work week, Defendant was aware such work was performed, but failed to pay them at the applicable overtime and hourly rate.

1.6　　Defendant also failed to pay Class Members for all hours worked. Defendant failed to pay Plaintiffs and the Class Members for travel time between work sites and/or travel time where Class Members should have been deemed on the clock as they were performing duties in furtherance of Defendant to complete their job responsibilities.

1.7　　Therefore, Plaintiffs file this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA as a 29 U.S. §216 (b) collective action.

## 2. **JURISDICTION**

2.1.　　This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff Holloman lives in the Southern District of Texas. Plaintiff Holloman worked for Defendant as a Bank Protection Officer performing security services for Defendant's client/customer Bank of America for approximately twenty (20) months until his resignation on or about March 13, 2018.

4.2. Plaintiff Young lives in the Southern District of Texas. Plaintiff Young worked for Defendant as an Upscale Security Officer performing security services for Defendant's client/customer, Woodforest Bank for approximately twelve (12) months until she resigned in or about March/April 2018.

4.3. The class of similarly situated individuals consists of the job titles Bank Protection Officer, Upscale Security Officer, or workers known under a distinct title but whose primary duties were to provide the same/similar security services to Defendant's clients/customers, who worked for Defendant within the last three years preceding the filing of this Complaint and continuing through the duration of this action and who were not paid for all hours worked and/or were not paid overtime compensation for all hours worked over forty (40) hours in a workweek in accordance with the FLSA (hereinafter referred to as the "Class Members"). The class of similarly situated individuals is referred to herein collectively as "security officers" or "Class Members."

4.4. The named Plaintiffs have signed an opt-in consent form to be a party to this action pursuant to 29 U.S.C. §216(b). A true and correct copy of such consent forms are attached to this Complaint as Exhibit A.

4.5. Defendant G4S Secure Solutions USA, Inc. is an employer qualified to do business in Texas. Defendant can be served by, serving its Registered Agent for Service of Process, Prentice Hall Corp. System, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant has been an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant has had annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

### 6. FLSA COLLECTIVE ACTION BACKGROUND FACTS

6.1 Defendant is a company that provides risk consulting and investigations, systems integrations, security software and technology, and security professionals to its clients/customers.

6.2 Plaintiff Holloman was hired to work as a Bank Protection Officer for Defendant's client/customer Bank of America at 111 University Dr E, College Station, Texas 77840.

4

        He worked in that position for approximately twenty (20) months until March 13, 2018 when he resigned. Plaintiff Young was hired to work as an Upscale Security Officer for Defendant's client/customer at Woodforest Bank in Conroe, Texas. She worked in that position for approximately twelve (12) months until she resigned in or about March or April 2018.

6.3    Defendant controlled the conditions of Plaintiffs' employment. Defendant determined Plaintiffs' pay rate, schedule and the policies and procedures Plaintiffs and the other Class Members are/were required to follow.

6.4    As a Bank Protection Officer, Plaintiff Holloman's primary duties included but were not limited to providing security service for Defendant's client Bank of America at 111 University Dr E, College Station, Texas 77840. His daily job duties included but were not limited to, performing security patrols of designated areas on foot or in a vehicle, watching for irregular or unusual conditions that may cause security concerns or safety hazards, if necessary, sounding alarms or calling police or fire department in case of fire or presence of unauthorized persons, warn violators of rule infractions such as loitering, smoking or carrying forbidden articles, permitting authorized persons access to property, monitoring entrances and exits, observing departing personnel to protect against theft of company property, investigating and preparing reports on accidents, incidents and/or suspicious activities, and providing assistance to customers, employees and visitors. Plaintiff Young performed the same or similar primary duties as an Upscale Protection Officer at Woodforest Bank.

6.5   Although Plaintiff Holloman and Plaintiff Young had different titles and worked at different locations, they performed the same or similar job duties and were subject to the same pay policy/practices.

6.6   As security officers, Plaintiffs and Class Members regularly worked more than forty (40) hours per workweek.  Specifically, a typical full-time work schedule required Plaintiffs and the Class Members to work more than forty (40) hours per week.  Plaintiff was not a member of management.  Neither Plaintiffs nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices.  Moreover, Plaintiffs and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.7   During the relevant time period, Defendant failed to compensate Plaintiffs and the Class Members for time spent driving from one job site to the other within the work day, if required, and in furtherance of Plaintiffs and the Class Members' job duties.

6.8   As far as compensation, Plaintiffs and the Class Members are/were issued a bi-weekly check for some (but not all) of the hours worked in a two-week pay period.

6.9   Plaintiffs Holloman and Young recorded their hours worked on a phone app called Secure Trax.  Plaintiffs were required to fax in their timesheet to Defendant each Saturday during their employment.

## 7. COLLECTIVE ACTION ALLEGATIONS

7.1 Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all others similarly situated who: (1) currently work or have worked for Defendant on or after the date that is three years preceding the filing of this Complaint through the duration of this lawsuit; (2) held the job titles Bank Protection Officer, Upscale Security Officer, or workers known under a distinct title but whose primary duties were to provide security services to Defendant's clients/customers; (3) were paid on an hourly basis; and (4) worked more than 40 hours per work week and were not paid the correct overtime compensation and/or did not receive payment for travel time between work sites.

7.2 Defendant classified/classifies and paid/pays Plaintiffs and the Class Members in the manner described herein. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiffs.

7.3 Plaintiffs and the Class Members all perform the same essential job functions of security services and duties notwithstanding the fact that individuals may be assigned to different locations, one individual might have more tenure, experience, or require less supervision than another individual in the same or similar position. At all relevant times, Plaintiffs and the Class Members have had substantially similar job duties, and have been subject to Defendant's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them the correct overtime compensation for all hours worked over forty (40) hours in a work week.

7.4   The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary. Additionally, the Class Members are so numerous that joinder of all members is impracticable.

7.5   Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiffs, these similarly situated workers are entitled to recover their overtime wages, liquidated damages, attorneys' fees and other damages.

## 8.   FLSA - CAUSES OF ACTION
### (Failure to Pay for all Hours Worked and Overtime Compensation)

8.1   Plaintiffs incorporate the allegation in the preceding paragraphs.

8.2   Defendant violated the FLSA by failing to pay Plaintiffs and the Class Members wages and overtime compensation in accordance with the FLSA for all hours worked.

8.3   Defendant effectuated a decision, policy and plan knowingly and purposefully refusing to pay Plaintiffs and the Class Members for all hours worked including overtime compensation for all hours worked in excess of forty (40) hours per workweek.

8.4   Defendant failed to compensate Plaintiffs and the Class Members for any and all work for any time spent traveling to and from job sites in furtherance of their work duties.

8.5   Defendant failed to keep track of all hours worked by Plaintiffs and the Class Members.

8.6   Defendant was well aware that Plaintiffs and the Class Members worked over forty (40) hours per work week and traveled in furtherance of their job duties.

8.8   Defendant's failure to compensate Plaintiffs and the Class Members for all hours worked and its failure to pay overtime wages to Plaintiffs and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on

a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiffs' and the Class Members' damages in this case.

8.9 Plaintiffs and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

8.10 At all relevant times, Defendant was required to keep and maintain accurate records of the hours worked by Plaintiff and the Class Members.

8.13 As the direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered lost wages and other damages.

8.14 Plaintiffs and the Class Members are entitled to back wages, liquidated damages in an equivalent amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

8.15 Plaintiffs and the Class Members are readily ascertainable. For purposes of notice, and other purposes related to this action, their names and addresses are readily available from Defendant.

### 9.  JURY DEMAND

9.1 Plaintiffs hereby demands a trial by jury.

### 10.  PRAYER

10.1 Plaintiffs respectfully requests that judgment be entered against G4S Secure Solutions USA, Inc., awarding them and all similarly situated employees:

10.1.1 Unpaid wages for all hours worked during the period specified herein.

10.1.2 Overtime compensation for all hours worked in excess of forty (40) hours per work week at the rate of one and a half times his regular rate of pay;

10.1.3 An equal amount of liquidated damages;

10.1.4 Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5 Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                           ATTORNEYS FOR PLAINTIFF