# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this __ day of October, 2019, by and between KEVIN HOLLOMAN ("Plaintiff") and G4S SECURE SOLUTIONS (USA) Inc. ("G4S") (collectively, "Parties").

### WITNESSETH

**WHEREAS**, Plaintiff was employed by G4S as a Bank Protection Officer; and

**WHEREAS**, Plaintiff, on or about January 28, 2019, filed a collective action lawsuit in the United States District Court Southern District of Texas, Houston Division, *Kevin R. Holloman, et al. v. G4S Secure Solutions (USA) Inc.*, Case No. 4:19-cv-00297 (the "Lawsuit"), alleging G4S failed to pay overtime wages under the Fair Labor Standards Act; and

**WHEREAS**, G4S denies the allegations made in the Lawsuit and denies any and all liability to Plaintiff; and

**WHEREAS**, Plaintiff has voluntarily agreed to completely resolve with G4S the Lawsuit.

**NOW, THEREFORE**, in consideration of the payment of monies and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is specifically acknowledged, the Parties hereby agree to address and resolve this matter as follows:

1. <u>Consideration</u>. In consideration for the Release of Claims described in Paragraph 4 and all other terms of this Settlement Agreement and Release, G4S will issue payment in the total amount of Ten Thousand Dollars and Zero Cents ($10,000), payable as follows: Five Thousand Seven Hundred and Ninety Three Dollars and Seven Cents ($5,793.07) for overtime wages under the Fair Labor Standards Act to Plaintiff, minus any deductions required by law, and Four Thousand Two Hundred and Six Dollars and Ninety Three Cents ($4,206.93) to Gregg M. Rosenberg, PC. G4S will deliver checks in the amount set forth above to Plaintiff's counsel within twenty-five (25) days after (and only in the event that) all of the following conditions have occurred: (1) the execution of this Agreement; and (2) the Court's dismissal of the Lawsuit. For the avoidance of doubt, in the event any of the foregoing conditions do not occur all of G4S's obligations under this Agreement, including, but not limited to, any payment obligations herein, shall be null and void.

2. <u>Other Payments.</u> Plaintiff agrees and acknowledges that, other than as specifically provided for in this Agreement, no additional payments are due from G4S or any affiliate on any basis whatsoever.

3. <u>Indemnification</u>. Plaintiff agrees that he will pay and be fully responsible for, and indemnify and hold Defendant harmless from any liability for any state, federal or local taxes assessed by any governmental entity or taxing authority on account of the payment referenced in Paragraph 1 of this Agreement. Plaintiff understands and agrees that G4S is not providing tax nor

legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff also understands he must complete an IRS Form W-9 and return it to G4S's counsel in order to receive the payment referenced in Paragraph 1 of this Agreement.

4. **Mutual Release of Claims.** Holloman and G4S release and forever discharge each other, as well as any of G4S's operating units, franchisees, licensees, subsidiaries, parent companies, holding companies, affiliates, owners, controlling entities, predecessors, successors, assigns, benefit plans and programs, agents, attorneys, insurers, vendors, officers, directors, and employees ("Releasees") from any and all demands, claims, liabilities, agreements, damages, losses, or expenses, attorneys' fees, or costs of any nature whatsoever, whether known or unknown ("Claims"), that they have, may have had, or may later claim to have had against each other for personal injuries, losses or damage to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or by statute) resulting from Holloman's employment with G4S, or any other agreement, contract, circumstance or event arising on or prior to his execution of this Agreement. This release includes, but is not limited to, any claims for back pay, liquidated damages, compensatory damages, or any other losses or other damages resulting from any claimed violation of local, state, or federal law, including, for example (but not limited to), claims arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, amended by the Americans With Disabilities Act Amendments Act of 2008; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (including the Older Workers Benefit Protection Act of 1990); the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.* (including the Equal Pay Act of 1963); the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Patient Protection and Affordable Care Act 42 U.S.C. § 18001 *et seq*; Sarbanes-Oxley Public Company Accounting Reform and Investor Protection Act of 2002, 15 U.S.C. § 7241 *et seq.*; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. 2000ff; The False Claims Act of 1986, 31 U.S.C. § 3729 *et seq.*; Chapter 21 of the Texas Labor Code; and any other Claims under federal, state, or local statutory, common law or equity, including but not limited to claims of breach of contract or duty, promissory estoppel, fraud, misrepresentation, intentional or negligent infliction of emotional distress, wrongful or retaliatory discharge, defamation, slander, invasion of privacy, negligence, assault and battery. The foregoing release of Claims expressly includes a waiver of any right to recovery for the Claims released herein in any and all private causes of action and/or charges and/or in any and all complaints filed with, or by, any governmental agency and/or other person or tribunal.

The parties agree that this release is a GENERAL RELEASE. The parties agree that by executing this Agreement, they are giving up any claims they may have at that time against any other party, including employment discrimination and wrongful discharge, among others, regardless of whether they have ever asserted such claims before their execution of this Agreement and regardless of whether they knew they had such claims before their execution of this Agreement. If Holloman files any claims, complaints, charges, grievances, arbitration demands or lawsuits against any of the Releasees, he agrees that he will pay all costs and expenses of defending

against such claims, complaints, charges, grievances, arbitration demands or lawsuits incurred by the Releasees, including reasonable attorneys' fees.

Holloman further agrees that: (1) he will not voluntarily become a member of any class of persons suing G4S or any of the other Releasees to assert any claim that arose on or prior to the date he signs this Agreement and, to the extent Holloman is an involuntary member of any such class, he waives any recovery to which he might otherwise be entitled; (2) he will not and will not authorize any other person, organization, or other entity acting on his behalf, to sue G4S, or any of the other Releasees or initiate any type of action, judicial, administrative, or otherwise, against the other Releasees with respect to any event, transaction, or matter that occurred before the date of this Agreement, or with respect to any continuing effects of such events, transactions, or matters; and (3) he waives any right to any portion of any recovery to which he might otherwise be entitled under any state and federal whistleblower protection statutes.

5. <u>Covenant Not to Sue.</u> Plaintiff agrees that he has not filed or raised any charges, complaints, claims, lawsuits, grievances, arbitration demands or actions against any of the Releasees with any federal, state, or local court or agency. Plaintiff agrees that, except to the extent such right may not be waived by law, he will not commence any administrative or legal action or lawsuit or otherwise assert any legal claim or claim in equity seeking relief for any Claim released or waived by this Agreement.

6. <u>Warranties and Representations.</u> Plaintiff agrees that as of the date of this Agreement, he has no claim, liability, damage, loss or expense of any nature whatsoever against G4S or any of the other Releasees based on the protections provided by the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.*, or any other federal, state, or local wage and hour law.

7. <u>Re-employment Prohibited.</u> Holloman agrees that G4S and any of its subsidiaries or affiliates have no obligation to reinstate, re-hire, or re-employ him in the future. Holloman agrees not to apply for or accept an offer of employment (including any temporary, independent contractor, full-time, or part-time work) with G4S or any of the other Releasees, and that if he does, this Agreement constitutes adequate consideration to deny his employment.

8. <u>Medicare and Medicaid Representation.</u> Plaintiff agrees he is not, nor has he ever been, a Medicare beneficiary and that he is not currently receiving Social Security Disability benefits. Plaintiff further agrees he has not applied for Social Security Disability Benefits. Plaintiff understands that the Medicare Secondary Payer Act (42 U.S.C. 1395y(b)) applies to any personal injury settlement involving a Medicare beneficiary. As part of the Act, Plaintiff has an obligation to verify entitlement and resolve conditional payment, and the Releasees have an obligation to report. Plaintiff agrees Medicare has made no conditional payments for any medical expense or prescription expense related to this dispute. As part of this settlement, Plaintiff agrees to indemnify, defend and hold the Releasees harmless against and from any such Medicare reimbursement claims. Plaintiff also agrees he is not, nor has he ever been, a Medicaid recipient. Plaintiff further agrees Medicaid has not made any payment for any medical expense or prescription expense related to this dispute. As part of this settlement, Plaintiff agrees to indemnify, defend and hold the Releasees harmless against and from any such Medicaid reimbursement claims.

9. **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein. No amendment or modification of the Agreement will be valid or binding unless made in writing and signed by all Parties.

10. **No Admission of Liability.** It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any Party hereto; to the contrary, it is understood and acknowledged that all Parties expressly deny any liability, wrongdoing, or damages to each other.

11. **Choice of Law.** This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed, and construed under the laws of the State of Texas without reference to its choice of law rules.

12. **Severability.** The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected, and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

13. **Waiver.** Any failure by the Parties on one or more occasions to enforce or require strict compliance with any of the terms and conditions of this Agreement will not constitute a waiver of any such terms or conditions at any future time and will not prevent any Party from insisting on strict compliance with such terms and conditions at a later time.

14. **Rules of Construction.** The Parties agree that, should any provision of this Agreement require interpretation or construction, the person or court interpreting or construing this Agreement shall not apply a presumption that the provision shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed against the party who prepared the Agreement. It is agreed that all Parties participated in the drafting of this Agreement.

IN WITNESS WHEREOF, Plaintiff agrees that he is acting of his own free will and has caused the execution of this Agreement as of the date first written above.

PLAINTIFF KEVIN HOLLOMAN:

_____     Date: 10/20/19
KEVIN HOLLOMAN

G4S SECURE SOLUTIONS (USA), INC.:

_____     Date: 10/29/19
KADIAN BLANSON

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this ___ day of October, 2019, by and between Shanida Young ("Plaintiff") and G4S SECURE SOLUTIONS (USA) Inc. ("G4S") (collectively, "Parties").

### WITNESSETH

**WHEREAS**, Plaintiff was employed by G4S as an Upscale Security Officer; and

**WHEREAS**, Plaintiff, on or about January 28, 2019, filed a collective action lawsuit in the United States District Court Southern District of Texas, Houston Division, *Shanida Young, et al. v. G4S Secure Solutions (USA) Inc.*, Case No. 4:19-cv-00297 (the "Lawsuit"), alleging G4S failed to pay overtime wages under the Fair Labor Standards Act; and

**WHEREAS**, G4S denies the allegations made in the Lawsuit and denies any and all liability to Plaintiff; and

**WHEREAS**, Plaintiff has voluntarily agreed to completely resolve with G4S the Lawsuit.

**NOW, THEREFORE**, in consideration of the payment of monies and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is specifically acknowledged, the Parties hereby agree to address and resolve this matter as follows:

1. <u>Consideration.</u> In consideration for the Release of Claims described in Paragraph 4 and all other terms of this Settlement Agreement and Release, G4S will issue payment in the total amount of Ten Thousand Dollars and Zero Cents ($10,000), payable as follows: Five Thousand Seven Hundred and Ninety Three Dollars and Seven Cents ($5,793.07) for overtime wages under the Fair Labor Standards Act to Plaintiff, minus any deductions required by law, and Four Thousand Two Hundred and Six Dollars and Ninety Three Cents ($4,206.93) to Gregg M. Rosenberg, PC. G4S will deliver checks in the amount set forth above to Plaintiff's counsel within twenty-five (25) days after (and only in the event that) all of the following conditions have occurred: (1) the execution of this Agreement; and (2) the Court's dismissal of the Lawsuit. For the avoidance of doubt, in the event any of the foregoing conditions do not occur all of G4S's obligations under this Agreement, including, but not limited to, any payment obligations herein, shall be null and void.

2. <u>Other Payments.</u> Plaintiff agrees and acknowledges that, other than as specifically provided for in this Agreement, no additional payments are due from G4S or any affiliate on any basis whatsoever.

3. <u>Indemnification.</u> Plaintiff agrees that she will pay and be fully responsible for, and indemnify and hold Defendant harmless from any liability for any state, federal or local taxes assessed by any governmental entity or taxing authority on account of the payment referenced in Paragraph 1 of this Agreement. Plaintiff understands and agrees that G4S is not providing tax nor

legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff also understands she must complete an IRS Form W-9 and return it to G4S's counsel in order to receive the payment referenced in Paragraph 1 of this Agreement.

4. **Mutual Release of Claims.** Young and G4S release and forever discharge each other, as well as any of G4S's operating units, franchisees, licensees, subsidiaries, parent companies, holding companies, affiliates, owners, controlling entities, predecessors, successors, assigns, benefit plans and programs, agents, attorneys, insurers, vendors, officers, directors, and employees ("Releasees") from any and all demands, claims, liabilities, agreements, damages, losses, or expenses, attorneys' fees, or costs of any nature whatsoever, whether known or unknown ("Claims"), that they have, may have had, or may later claim to have had against each other for personal injuries, losses or damage to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or by statute) resulting from Young's employment with G4S, or any other agreement, contract, circumstance or event arising on or prior to his execution of this Agreement. This release includes, but is not limited to, any claims for back pay, liquidated damages, compensatory damages, or any other losses or other damages resulting from any claimed violation of local, state, or federal law, including, for example (but not limited to), claims arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, amended by the Americans With Disabilities Act Amendments Act of 2008; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (including the Older Workers Benefit Protection Act of 1990); the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.* (including the Equal Pay Act of 1963); the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Patient Protection and Affordable Care Act 42 U.S.C. § 18001 *et seq*; Sarbanes-Oxley Public Company Accounting Reform and Investor Protection Act of 2002, 15 U.S.C. § 7241 *et seq.*; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. 2000ff; The False Claims Act of 1986, 31 U.S.C. § 3729 *et seq.*; Chapter 21 of the Texas Labor Code; and any other Claims under federal, state, or local statutory, common law or equity, including but not limited to claims of breach of contract or duty, promissory estoppel, fraud, misrepresentation, intentional or negligent infliction of emotional distress, wrongful or retaliatory discharge, defamation, slander, invasion of privacy, negligence, assault and battery. The foregoing release of Claims expressly includes a waiver of any right to recovery for the Claims released herein in any and all private causes of action and/or charges and/or in any and all complaints filed with, or by, any governmental agency and/or other person or tribunal.

The parties agree that this release is a GENERAL RELEASE. The parties agree that by executing this Agreement, they are giving up any claims they may have at that time against any other party, including employment discrimination and wrongful discharge, among others, regardless of whether they have ever asserted such claims before their execution of this Agreement and regardless of whether they knew they had such claims before their execution of this Agreement. If Young files any claims, complaints, charges, grievances, arbitration demands or lawsuits against any of the Releasees, she agrees that she will pay all costs and expenses of

defending against such claims, complaints, charges, grievances, arbitration demands or lawsuits incurred by the Releasees, including reasonable attorneys' fees.

Young further agrees that: (1) she will not voluntarily become a member of any class of persons suing G4S or any of the other Releasees to assert any claim that arose on or prior to the date she signs this Agreement and, to the extent Young is an involuntary member of any such class, she waives any recovery to which he might otherwise be entitled; (2) she will not and will not authorize any other person, organization, or other entity acting on his behalf, to sue G4S, or any of the other Releasees or initiate any type of action, judicial, administrative, or otherwise, against the other Releasees with respect to any event, transaction, or matter that occurred before the date of this Agreement, or with respect to any continuing effects of such events, transactions, or matters; and (3) she waives any right to any portion of any recovery to which she might otherwise be entitled under any state and federal whistleblower protection statutes.

5. <u>Covenant Not to Sue.</u> Plaintiff agrees that she has not filed or raised any charges, complaints, claims, lawsuits, grievances, arbitration demands or actions against any of the Releasees with any federal, state, or local court or agency. Plaintiff agrees that, except to the extent such right may not be waived by law, she will not commence any administrative or legal action or lawsuit or otherwise assert any legal claim or claim in equity seeking relief for any Claim released or waived by this Agreement.

6. <u>Warranties and Representations.</u> Plaintiff agrees that as of the date of this Agreement, she has no claim, liability, damage, loss or expense of any nature whatsoever against G4S or any of the other Releasees based on the protections provided by the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.*, or any other federal, state, or local wage and hour law.

7. <u>Re-employment Prohibited.</u> Young agrees that G4S and any of its subsidiaries or affiliates have no obligation to reinstate, re-hire, or re-employ her in the future. Young agrees not to apply for or accept an offer of employment (including any temporary, independent contractor, full-time, or part-time work) with G4S or any of the other Releasees, and that if she does, this Agreement constitutes adequate consideration to deny his employment.

8. <u>Medicare and Medicaid Representation.</u> Plaintiff agrees she is not, nor has she ever been, a Medicare beneficiary and that she is not currently receiving Social Security Disability benefits. Plaintiff further agrees she has not applied for Social Security Disability Benefits. Plaintiff understands that the Medicare Secondary Payer Act (42 U.S.C. 1395y(b)) applies to any personal injury settlement involving a Medicare beneficiary. As part of the Act, Plaintiff has an obligation to verify entitlement and resolve conditional payment, and the Releasees have an obligation to report. Plaintiff agrees Medicare has made no conditional payments for any medical expense or prescription expense related to this dispute. As part of this settlement, Plaintiff agrees to indemnify, defend and hold the Releasees harmless against and from any such Medicare reimbursement claims. Plaintiff also agrees she is not, nor has she ever been, a Medicaid recipient. Plaintiff further agrees Medicaid has not made any payment for any medical expense or prescription expense related to this dispute. As part of this settlement, Plaintiff agrees to indemnify,

defend and hold the Releasees harmless against and from any such Medicaid reimbursement claims.

9. **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein. No amendment or modification of the Agreement will be valid or binding unless made in writing and signed by all Parties.

10. **No Admission of Liability.** It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any Party hereto; to the contrary, it is understood and acknowledged that all Parties expressly deny any liability, wrongdoing, or damages to each other.

11. **Choice of Law.** This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed, and construed under the laws of the State of Texas without reference to its choice of law rules.

12. **Severability.** The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected, and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

13. **Waiver.** Any failure by the Parties on one or more occasions to enforce or require strict compliance with any of the terms and conditions of this Agreement will not constitute a waiver of any such terms or conditions at any future time and will not prevent any Party from insisting on strict compliance with such terms and conditions at a later time.

14. **Rules of Construction.** The Parties agree that, should any provision of this Agreement require interpretation or construction, the person or court interpreting or construing this Agreement shall not apply a presumption that the provision shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed against the party who prepared the Agreement. It is agreed that all Parties participated in the drafting of this Agreement.

IN WITNESS WHEREOF, Plaintiff agrees that she is acting of his own free will and has caused the execution of this Agreement as of the date first written above.

PLAINTIFF SHANIDA YOUNG:

_____  Date: 10/18/2019
SHANIDA YOUNG

G4S SECURE SOLUTIONS (USA), INC.:

_____  Date: 10/29/19
KADIAN BLANSON

- 4 -